Curia, per
O’Neall, J.
In this case the plaintiffs’s attorney abandoned their grounds of appeal, so that the defendants’s objections to the verdict alone remain to be considered. They, although several, present only one question — whether the sheriff, when specially instructed to levy, was justified in not levying, on account of the sale being stayed by the plaintiffs.
*38 Our anomalous condition, under the rule that the lien of a fi. fa. is from its lodgment, prevents us from having the aid of authority on this and many other questions arising under the sheriff’s execution of fi. fas.
I have no douht that, in general, the execution of a fi. fa. consists properly of two acts: levy, or taking the goods into the hands of the sheriff for sale, and the sale itself. That the plaintiff in execution can control either or both of these, is, I think, perfectly clear. Were it not so, he might, by stipulating to indulge his debtor, in the ultimate enforcement of his right of satisfaction by sale, be deprived of the property on which his fi. fa. had a lien. For while the sale was stayed (if such a stay prevented a levy,) his debtor might send his personal property into another State, and thus defeat the lien and the possibility of satisfaction by sale when the stay expired.
The whole objection urged is on account of the inconvenience arising from the sheriff being obliged to keep the property for the interval between the levy and the expiration of the stay of sale. But this is one of the incidental troubles connected with the correct administration of the sheriff’s office.
I think, however, the sheriff can make no such objection as that now presented. The plaintiff in execution has the right to control, absolutely, so far as the sheriff is concerned, the fi. fa. The memorandum, “ sales only under this execution postponed until the 26th October, 1842,” was the sheriff’s law, by which he was to be governed until the plaintiff gave him some other. He had no right to go back to the confession, and justify himself by a different stay there agreed upon.' That was for the debtor to enforce or not, as he pleased; the sheriff had nothing to do with it. So when the sheriff was ordered to levy, he had no right to say, ‘that is contrary to your previous• instruction, endorsed on the execution to stay sales.’ The- plaintiffs had the right to proceed, at their peril: the debtor, if it was contrary to'their agreement, might, on a proper case made, arrest their proceeding, by *39 an order made by any of the Judges. But tbe sheriff’s duty is to execute the fi. fa. according to its mandate, or according to the plaintiff’s instructions.
The .motion is dismissed.
Evans and Withers, JJ., concurred.
Wardlaw and Frost, JJ., dissented.

Motion refused.